IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **RICARDO GONZALEZ,** | ) |
| | ) |
| Petitioner, | ) |
| v. | )  Civil Action No. 1:23-00343 |
| | ) |
| **ROKOSKY,** | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 6), filed on June 2, 2023. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the record and considered the applicable law, the undersigned finds and hereby respectfully recommends that Respondent's Motion (Document No. 6) should be granted.

**FACT AND PROCEDURE**

On April 20, 2023, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) Specifically, Petitioner argues that he is eligible to receive application of earned time credit pursuant to the First Step Act of 2018 ("FSA"). (Document No. 1.) Petitioner asserts that he has "accrued 1,513 program days and 570 earned time credits, yet his Unit Team fails to acknowledge [his] credits due to a detainer." (Id.) Petitioner

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

contends that in early February, the BOP "granted people with detainers the right to apply up to 365 FSA credits to reduce their sentence by up to a year." (Id.) Petitioner states that the foregoing only results in "a shorter sentence" and does not "set someone free from deportation – just advances the day of reckoning." (Id.) As relief, Petitioner requests the BOP be ordered to apply his earned time credits under the FSA and release him from federal custody. (Id.) Petitioner paid the $5.00 filing fee on the same day as filing his Petition. (Document No. 2.)

By Order entered on April 25, 2023, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 4.) On June 2, 2023, Respondent filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 8.) Respondent argues that Petitioner's Petition should be dismissed based upon the following: (1) "Petitioner is not eligible to apply FTC due to having a final order of deportation entered against him" (Id., pp. 4 - 5); and (2) "Any challenge to Petitioner's detainer is not reviewable by the Court" (Id., pp. 5 – 6). As an Exhibit, Respondent attaches a copy of the "Department of Homeland Security Request for Voluntary Transfer" dated November 22, 2016. (Document No. 6-1.)

By Order and Notice entered on June 5, 2023, the undersigned notified Petitioner of his right to file a Response to Respondent's Motion. (Document No. 7.) On June 15, 2023, Petitioner filed his Response. (Document No. 8.) On August 9, 2023, Petitioner filed his Supplemental Response. (Document No. 9.)

## **STANDARD**

**Motion to Dismiss:**

In Section 2241 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules

of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings); also see Rule 1(b), *Rules Governing Section 2254 Cases in the United States District Courts*(Rule 1(b) provides that the Rules pertaining to Section 2254 proceedings shall apply to habeas petitions brought pursuant to Section 2241). A motion to dismiss a Section 2241 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, , 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139. Finally, the undersigned notes that the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in Section 2254 actions. Walker v. Kelley, 589 F.3d 127, 138-39 (4th Cir. 2009).

**Motion for Summary Judgment:**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no

genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support non-moving party's claims, summary judgment is appropriate.

## **ANALYSIS**

In Respondent's Motion, Respondent argues that Petitioner is not entitled to the application of his earned time credit under the FSA because Petitioner is subject to a final order of deportation. (Document No. 6.) Respondent further states that any challenge to Petitioner's detainer is not reviewable by this Court. (Id.) As an Exhibit, Respondent attaches a copy of a "Request for Voluntary Transfer" from the Department of Homeland Security indicating that there is "a final order of removal against the subject." (Document No. 6-1.)

In his Response, Petitioner argues that he is "eligible to apply FTC despite not being a U.S. Citizen and having an immigration detainer." (Document No. 8, p. 3.) Petitioner states that he

"meets all eligibility requirements for application of FSA time credits, including maintaining a low recidivism risk in the last two assessments, and the amount of time credits Petitioner has earned has exceeded the remaining of his imposed term of imprisonment." (Id.) Petitioner alleges that the "BOP determined that Petitioner earned 1,619 program days (and counting) and over 570 earned time credits towards early transfer to supervised release." (Id., pp. 3 – 4.) Thus, Petitioner alleges that his projected release date via earned time credit should have been January 22, 2023. (Id., p. 3.) Petitioner states that in early February 2023, the BOP revised Program Statement 5410.01 thereby allowing "inmates with outstanding detainers" to apply earned time credits to prerelease custody. (Id., p. 4.) Petitioner concludes that the BOP "has abused its discretion by misinterpreting the statute and asserting an immigration detainer prevents Petitioner from applying accumulated good time credits towards his early release under the FSA based solely on the ICE detainer." (Id., p. 5.) Petitioner clarifies that he is not "challenging the validity of his ICE detainer, but challenging eligibility to apply earn time credits towards his sentence." (Id., p. 5.) As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "FSA Time Credit Assessment" (Document No. 8-1, p. 2); (2) A copy of Petitioner's "FSA Recidivism Risk Assessment" (Id., p. 3); (3) A copy of Cuajivoy-Cortez v. Knight, 2023 U.S. Dist. LEXIS 59312 (D.N.J. April 4, 2023) (Document No. 8-2, pp. 2 – 3); (4) A copy of Smith v. Knight, 2023 U.S. Dist. LEXIS 54944 (D.N.J. March 28, 2023) (Id., pp. 4 – 5); (5) A copy of Rosales v. Knight, 2023 U.S. Dist. LEXIS 54948 (D.N.J. March 28, 2023) (Id., pp. 6 – 7); and (6) A copy of Mosquera v. Warden, 2023 U.S. Dist. LEXIS 55625 (D.N.J. March 30, 2023) (Id., pp. 8 – 9).

On August 9, 2023, Petitioner filed his Supplemental Response arguing that he will "consider [his] case dismissed and this matter settled" since Respondent did not file a Reply to

Petitioner's Response.² (Document No. 9.)

On December 21, 2018, the FSA of 2018 was signed into law and initiated a system that allows eligible prisoners to earn time credits for successfully completing "evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Specifically, prisoners that successfully complete evidence-based recidivism reduction programming or productive activities "shall earn 10 days of time credits for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii). A prisoner, however, may not earn FSA time credits "for an evidence-based recidivism reduction program that the prisoner successfully completed prior to the date of enactment of this subchapter," December 21, 2018. 18 U.S.C. § 3632(d)(4)(B).

Although Section 3632 provides that earned time credits shall be applied toward time in prerelease custody or supervised release, Section 3632 further provides that certain prisoners are statutorily ineligible to apply earn time credits. Specifically, Section 3632(d)(4)(E)(i) plainly provides that time credits are not available to deportable aliens. See 18 U.S.C. § 3632(d)(4)(E)(i)(Prisoner who "is the subject of a final order of removal" cannot apply any FSA time credits toward prerelease custody or early transfer to supervised release); also see 28 C.F.R. § 523.44(a)(2)("Subject to a final order of removal under immigration laws as defined in 8 U.S.C. § 1101(a)(17)(see 18 U.S.C. § 3632(d)(4)(E)), the Bureau may not apply FSA Time Credit toward prerelease custody or early transfer to supervised release.") "The decision not to make these credits

---

² The undersigned notes that Respondent had no obligation to file a Reply to Petitioner's Response.

available to inmates facing deportation represents a policy determination belonging to Congress alone." United States v. Garcia, 2023 WL 7490838, * 2 (W.D.N.C. Nov. 13, 2023). On November 18, 2022, the BOP issued Program Statement ("P.S.") 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4). P.S. 5410.01 expanded Section 3632(d)(4)(E)(i)'s limitation relating to prisoners subject to a "final order of removal" to include prisoners with "unresolved immigration status." Id. Specifically, P.S. 5410.01 provided that even though "inmates with unresolved pending charges and/or detainers may earn [time credits] . . . they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved." Id. P.S. 5410.01 further provided that "[a]n inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of [time credits]." Id. Finally, P.S. 5410.01 stated that up to 365 days of earned time credits would be automatically applied to early release for prisoners who meet six criteria, including having "no detainers or unresolved charges, to include unresolved immigration status." Id. Based upon the foregoing provisions of P.S. 5410.01, prisoners with immigration detainers, even if they were not subject to a final order of removal, could not apply earned time credits. On February 6, 2023, however, the BOP issued Change Notice 5410.01. The Change Notice struck or deleted from P.S. 5410.01, among other things, the language relating to prisoners with "unresolved immigration status." As a result of the Change Notice, prisoners subject to immigration detainers or unresolve pending charges were no longer automatically prohibited from applying their earned times credits.

In his Response, Petitioner acknowledges that he is not challenging the validity of his detainer. Petitioner, however, cites the Change Notice regarding P.S. 5410.01 in support of his argument that he is entitled to application of his earn time credits. A review of Petitioner's detainer

7

from the Department of Homeland Security clearly indicates that there is "a final order of removal" against Petitioner. (Document No. 6-1.) Since Petitioner is subject to a final order of removal, Petitioner's reliance upon the Change Notice regarding P.S. 5410.01 is misplaced.[3] As explained above, the Change Notice regarding P.S. 5410.01 relates solely to inmates with unresolved charges or detainers and no final orders of removal. The record clearly reveals that Petitioner has a final order of removal. Thus, Petitioner is clearly precluded pursuant to Section 3632(d)(4)(E)(i) from having his earned time credits applied toward his prerelease custody or early transfer to supervised release. Based upon the foregoing, the undersigned respectfully recommends that the District Court grant Respondent's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 6).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 6), **DENY** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

---

[3] The undersigned has further reviewed the attached caselaw provided by Petitioner. (Document No. 8-2.) Notwithstanding that the cited caselaw is non-binding authority, Petitioner's reliance upon such is misplaced. The petitioners in the cited cases were prisoners with unresolved detainers and no final orders of removal.

(filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: November 21, 2023.

Omar J. Aboulhosn
United States Magistrate Judge