IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RICARDO GONZALEZ,

      Petitioner,

v.                           CIVIL ACTION NO. 1:23-00343

ROKOSKY,

      Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on November 21, 2023.  (See ECF No. 12).  In that PF&R, he recommends that this court (1) grant respondent Rokosky's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment[,]"(2) deny petitioner Ricardo Gonzalez's petition for writ of habeas corpus, and (3) remove this matter from the court's docket. (See id. at 8).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R.  Mr. Gonzalez filed timely objections on December 7, 2023.  (See ECF No. 13).

## I.   Background

Mr. Gonzalez filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 on April 20, 2023.  (See ECF No. 1). When he filed the petition, he was incarcerated at FCI McDowell, West Virginia, serving a 120-month prison sentence for a drug trafficking conviction entered by the United States District Court for the Southern District of Texas.  (See ECF No. 1).  He has since completed that term of imprisonment, and was released from custody several months ago on January 22, 2024.  See Federal Bureau of Prisons Inmate Locator, available online at https://www.bop.gov/inmateloc/ (records of Ricardo Gonzalez, BOP Register No. 87324-379) (last visited March 19, 2024).

In his petition for writ of habeas corpus, he sought early release from his prison sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, arguing that he had accrued "570 earned time credits[,]" but that his "unit-team" at FCI McDowell refused to apply the credits toward his sentence. (See ECF No. 1 at 6).

Respondent moved to dismiss the petition, arguing that Mr. Gonzalez was not entitled to good time credits under the Act, because he was subject to an immigration detainer, which stated that "a final order of removal" had been entered against him, (see ECF No. 6 at 1), and "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final

2

order of removal under any provision of the immigration laws[,]"
(see id. at 4 (quoting 18 U.S.C. § 3632(d)(4)(E)).  Magistrate
Judge Aboulhosn agreed with Respondent and recommended that this
court dismiss the petition.

Mr. Gonzales filed objections, arguing that he is not
subject to a final order of removal because "[an] ICE detainer
serves only as a notice to federal prison authorities that ICE
is going to be mailing a decision about the deportability of the
alien in the future."  (ECF No. 13 at 2).

## II.  Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil
Procedure, the court must "make a de novo determination upon the
record . . . of any portion of the magistrate judge's
disposition to which specific written objection has been made."
However, the court is not required to review, under a de novo or
any other standard, the factual or legal conclusions of the
magistrate judge as to those portions of the findings or
recommendation to which no objections are addressed.  See Thomas
v. Arn, 474 U.S. 140, 149-50 (1985).

"A document filed pro se is 'to be liberally construed.'"
Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.
Gamble, 429 U.S. 97, 106 (1976)).  Specifically, as to
objections to a PF&R, courts are "under an obligation to read a
pro se litigant's objections broadly rather than narrowly."

3

Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL
625499, at *1-2 (W.D.N.C. June 20, 1997).

### III. Discussion

In his petition for writ of habeas corpus, Mr. Gonzalez
made a single request for relief:  "I simply want the credits
that I am entitled to and to be released from federal custody."
(ECF No. 1 at 7).  Since he has since been released from
custody, this court can no longer offer the relief requested,
and his petition is **MOOT**.

A case no longer presents an actionable controversy—and
thus becomes moot—when it is "impossible for [the] court to
grant any effectual relief whatever to a prevailing party."
Chafin v. Chafin, 568 U.S. 165, 172 (2013) (quoting Knox v.
Service Employees, 567 U.S. 298, 307 (2012)).  The doctrine of
mootness constitutes a part of the constitutional limits of
federal court jurisdiction, which extends only to actual cases
or controversaries."  Fleet Feet, Inc., v. NIKE, Inc., 986 F. 3d
458, 463 (4th Cir. 2021).

Because mootness is jurisdictional, the court must consider
it even when no party has raised the issue.  United States v.
Ketter, 908 F. 3d 61, 65 (4th Cir. 2018).  "To be justiciable
under Article III of the Constitution, the conflict between the
litigants must present a 'case or controversy' both at the time
the lawsuit is filed and at the time it is decided.  If

4

intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented."  Ross v. Reed, 719 F. 2d. 689, 693-94 (4th Cir. 1983).

The federal habeas corpus statute requires an individual to be "in custody" at the time he brings a petition for a writ of habeas corpus.  Leonard v. Hammond, 804 F. 2d 838, 842 (4th Cir. 1986).  Without that condition precedent, the court lacks subject-matter jurisdiction over the habeas proceeding. Although the individual's subsequent release will not itself deprive the court of its jurisdiction, "[t]he question of mootness is separate and distinct" from the "in custody" requirement.  Id.

Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  See Rendelman v. Rouse, 569 F. 3d 182, 186 (4th Cir. 2009); Incumaa v. Ozmint, 507 F. 3d 281, 286-87 (4th Cir. 2007).  "As such, when a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his supervening release may render the petition moot, because there is no longer a justiciable controversy."  Lara v. Lefever, No. 1:22-cv-00588, 2023 WL 4782668, at *2 (S.D.W. Va. May 5, 2023), proposed findings and recommendation adopted by Lara v. Lefever, No.

5

1:22-00588, 2023 WL 4770116, at *1 (S.D.W. Va. July 26, 2023) (Faber, J.).

In this case, Mr. Gonzalez seeks only injunctive and declaratory relief, insofar as he asks the court to determine his eligibility for "time credits" and to order his release from custody.  Because he has been released from custody, and the court can no longer grant his requested remedy, his petition is technically moot.  Even so, the court must also consider the two possible exceptions to the mootness doctrine:  the "collateral consequences" exception, and the "capable of repetition, yet evading review" exception.  See id.

Under the collateral-consequences exception, "a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence." Id. (citing Leonard, 804 F. 2d at 842).  Likewise, under the capable-of-evading-review exception, the release of a habeas petitioner does not render the petition moot "when two elements are present:  (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again."  Id.

Neither exception applies here.  The collateral-consequences exception does not apply because Mr. Gonzalez

challenges only the execution of his sentence:  "Where a
petitioner elects only to challenge the execution of his
sentence and not the validity of the conviction or sentence,
collateral consequences are irrelevant."  Id. (citing Lane v.
Williams, 455 U.S. 624, 631 (1982)).  Likewise, the capable-of-
evading-review exception does not apply because "there is no
reasonable probability that [Mr. Gonzalez] will be returned to
federal custody and face the same alleged wrong[,] [and] [m]ere
speculation is not sufficient to meet this exception."  Id.
(citing Herrera v. Finan, 709 F. App'x 741, 745-46 (4th Cir.
2017)).

        For these reasons, Mr. Gonzalez's objections to the PF&R (ECF
No. 13) are **OVERRULED** as moot, his petition for writ of habeas
corpus (ECF No. 1) is **DENIED** as moot, and this action is **DISMISSED**
from the court's active docket.

        Additionally, the court has considered whether to grant a
certificate of appealability.  See 28 U.S.C. § 2253(c).  A
certificate will not be granted unless there is "a substantial
showing of the denial of a constitutional right."  Id. §
2253(c)(2).  The standard is satisfied only upon a showing that
reasonable jurists would find that any assessment of the
constitutional claims by this court is debatable or wrong and
that any dispositive procedural ruling is likewise debatable.
Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v.

7

McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F. 3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 27th day of March, 2024.

ENTER:

David A. Faber
Senior United States District Judge

8